| | |
|---|---|
| SYCAMORE BREWING, LLC, <br><br>Plaintiff, <br><br>v. <br><br>STONE BREWING CO., LLC, <br><br>Defendant. | Case No. 3:22-cv-00148 <br><br>**COMPLAINT** <br><br>**Trademark Infringement** <br><br>[JURY DEMANDED] |

Plaintiff Sycamore Brewing, LLC ("Sycamore") is suing Defendant Stone Brewing Co., LLC ("Stone") because Stone ripped off Sycamore's trademark.

## INTRODUCTION

Stone is a craft beer pioneer. Every craft brewery in the world owes a debt to Stone for evangelizing craft beer at a time when most of the United States thought beer choices extended no further than Budweiser and Coors. To say Stone has helped invent the modern craft beer experience is in no way a stretch. Stone innovated beer styles that are still used by nearly every brewery on the planet. It afforded new breweries visions of themselves unbound from the limitations of "micro" and enlightened by a consumer exploring the vastness of "craft."

But, as Stone grew larger and larger, it lost its way. While it used to preach the gospel of "community" in craft beer, it now seeks to damage smaller breweries by filing questionable trademark actions against them and to steal the trademarks of those smaller breweries it believes will not fight back. Sycamore is fighting back. Stone stole Sycamore's registered KEEP IT JUICY trademark. Unlike the dubious trademark disputes Stone initiates, this case is based upon an actual trademark inarguably owned by Sycamore that Stone is using for the exact same purpose in the exact same markets. So, Sycamore will fight to maintain ownership of its trademark and brand. And, as it does so, it hopes to remind Stone that its existence used to be good for the craft beer industry before Stone decided that competition and innovation were things to damage, not celebrate.



Regardless of whether Stone finds its way once again or not, this aggression will not stand.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff Sycamore's state law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant Stone because: (a) Defendant regularly does business in the State of North Carolina; (b) Defendant intentionally chose to use Plaintiff's registered KEEP IT JUICY trademark for its business activities; (c) Defendant knew or should have known that its infringement of the KEEP IT JUICY trademark would cause injury to Sycamore in the State of North Carolina.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4. Sycamore is a North Carolina limited liability company with its principal place of business in Charlotte, North Carolina.

5. Stone is a California limited liability company with its principal place of business in Escondido, California.

# STATEMENT OF RELEVANT FACTS

## *Plaintiff Sycamore and its KEEP IT JUICY Mark*

6. Plaintiff Sycamore is a brewery founded in 2013. Sycamore creates and sells high quality craft beer. The company is headquartered in Charlotte, North Carolina and maintains strong ties to the craft beer community in Charlotte and North Carolina.

7. However, Sycamore also distributes its beers in seven other states – South Carolina, Virginia, West Virginia, Tennessee, Ohio, Georgia, and Kentucky, and continues to expand its market. It is a regional brewery that has seen yearly double-digit growth for much of its existence. Sycamore grew by 40% in 2021 and will debut its new state-of-the-art Uptown Charlotte taproom in 2022.

8. Sycamore has an excellent reputation among craft beer aficionados throughout the United States and around the world for brewing high quality and unique beers.

9. Among the beers that Sycamore brews and distributes to the public are Mountain Candy IPA, Double Candy DIPA, Sun Grown Craft Lager, Southern Girl Blonde Ale, Strawberry Lemonade Gose, Haziness IPA, and Juiciness IPA.

10. Juiciness IPA is one of Sycamore's most popular beers and has been since its introduction in 2019. Juiciness is sold throughout Sycamore's distribution area in eight states and is renowned by IPA drinkers nationwide.

11. In 2020, Sycamore began marketing its Juiciness IPA with the slogan KEEP IT JUICY. The slogan is prominently printed on the retail packaging boxes that the beer is sold in. In fact, as demonstrated below, it is the most prominent feature of the retail packaging boxes containing Juiciness IPA:



12. Sycamore owns the name and mark KEEP IT JUICY (U.S. Reg. No. 6,464,651) and has registered the mark on the Principal Register of the United States Patent and Trademark Office (the "USPTO") in International Class 32 for "Beer; Beer, ale, and lager; Craft beer."

13. Sycamore first used the KEEP IT JUICY mark on September 12, 2020. The USPTO registered the mark on August 24, 2021.

14. Based upon its federal trademark registration and extensive use, Sycamore owns the exclusive right to use the KEEP IT JUICY trademark in connection with beer and craft beer services.

15. The KEEP IT JUICY mark is distinctive in the United States for Sycamore's craft beer.

16. The KEEP IT JUICY mark is actually part of a family of marks Sycamore uses for its beers. It markets its Haziness IPA with the KEEP IT HAZY mark, which is registered with the USPTO as Registration No. 6,464,692. Finally, Sycamore markets its Strawberry Lemonade Gose with the phrase KEEP IT SQUEEZY.

17. The KEEP IT JUICY, KEEP IT HAZY, and KEEP IT SQUEEZY marks are all featured prominently on Sycamore's packaging, so that customers associate the KEEP IT foundation with Sycamore.

18. Stone adopted the KEEP IT JUICY mark and used it on its packaging in the same manner as Sycamore in order to confuse customers looking for Sycamore's beer.

*Defendant Stone and Its Infringing Use*

19. Defendant Stone was founded in 1996 in California. As of 2022, it is the ninth largest craft brewery in the United States and is most famous for its Arrogant Bastard Ale.

20. While Stone was founded and has the majority of its physical locations in Southern California, it opened a regional production brewery and tap room in Richmond, Virginia, in 2016.

21. Stone's expansion into Virginia enabled it to be one of the very few craft breweries that distributes and sells its beer in all 50 states, including North Carolina. In 2017, it announced its expansion into West Virginia, which was the only state where its beers were not distributed at the time.

22. Thus, with Sycamore's subsequent arrival in the West Virginia market, Sycamore and Stone are direct competitors in North Carolina, South Carolina, Virginia, West Virginia, Tennessee, Ohio, Georgia, and Kentucky.

23. Throughout the craft beer industry, Stone has a reputation for aggressively protecting its trademarks and trademark registrations. In fact, it has been accused on multiple occasions of using its size and its financial wherewithal to bully smaller companies that are arguably not infringing on its trademarks into changing their names.

24. Based on the above, Stone is properly described as a "Trademark Bully."[1] Given its aggressive use of its millions to bully smaller companies into ceasing use of common terms even when they are in non-competing industries or there is no possible likelihood of confusion.

---

[1] The USPTO defines this term as "a trademark owner that uses its trademark rights to harass and intimidate another business beyond what the law might be reasonably interpreted to allow." *See* U.S. Secretary of Commerce, "Trademark Litigation Tactics and Federal Government Services

25. Stone received criticism in 2020 after the craft beer media reported that Stone had filed over 100 trademark cancellation requests with the USPTO from across the beer, wine, and spirits markets. Stone targeted every single company in these industries that used the words "stone" or "bastard" in any manner, such as "Touchstone Brewing," "Stoney's Brewing Company," "Holystone Distilling," "Stonypoint," and "Lucky Bastardo." Stone even went after the trademarks of businesses that were not in the beer, wine, or spirits industries, such as "Stonerfoods," "Stoney River Steakhouse & Grill," and the "Preppybastard" t-shirt company.

26. Stone recently won a $56 million judgment against Molson Coors over its rebranding of Keystone, which Stone alleged infringed upon its trademarks. At the time the suit was filed, Stone founder Greg Koch claimed that a smaller company acting to protect its intellectual property from a larger company was a battle between "good versus evil."

27. Despite Stone's zealous protection of its own trademarks and trademark registrations, it has no qualms about being "evil" (under its founder's definition) when it thinks it can get away with it.

28. After Sycamore's KEEP IT JUICY mark was granted registration by the USPTO, Stone released its Hazy IPA to the public.

---

to Protect Trademarks and Prevent Counterfeiting", Report to Congress (Apr. 2011) at p. 15, n. 51, available at: https://www.uspto.gov/sites/default/files/trademarks/notices/TrademarkLitigationStudy.pdf.

29. Stone distributes its Hazy IPA in retail packaging boxes that prominently feature Sycamore's KEEP IT JUICY registered trademark. Stone is using Sycamore's exact mark on the same packaging to market and sell the same type of beer.



30. Stone additionally uses the KEEP IT JUICY mark on the Hazy IPA page on its website, as seen below.



31. Stone is also using the KEEP IT JUICY mark in video advertising for Hazy IPA, as evidenced by this screenshot from a video advertisement Stone posted to YouTube.



32. Given Stone's unusually aggressive trademark protection, Stone was aware of Sycamore's KEEP IT JUICY registered trademark when it adopted the slogan to market and sell its Hazy IPA and is intentionally infringing Sycamore's mark in the same markets where Sycamore markets and sells its Juiciness IPA.

33. Defendant Stone's use of the KEEP IT JUICY mark is nearly certain to cause confusion among the consuming public, who will falsely believe that Stone's Hazy IPA is somehow related to Sycamore's Juiciness IPA.

34. Stone is using the KEEP IT JUICY mark without Sycamore's consent, approval, or authority.

35. Stone is attempting to capitalize on the goodwill and the positive reputation Sycamore has developed in the Juiciness IPA by using the exact mark used by Sycamore to market its own infringing product.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Trademark Infringement – 15 U.S.C. § 1114**

36. Sycamore incorporates the allegations in the preceding paragraphs as if set forth fully herein.

37. Stone's use in commerce of the KEEP IT JUICY mark to market its Hazy IPA constitutes a reproduction, copying, counterfeiting, and colorable imitation of Sycamore's registered KEEP IT JUICY mark, which it uses to market its Juiciness IPA, in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

38. By using the KEEP IT JUICY mark with knowledge that Sycamore owns, has used, and continues to use its KEEP IT JUICY trademark, Stone has intended to cause confusion, cause mistake, or deceive customers.

39. Stone is using a mark identical and/or confusingly similar to the KEEP IT JUICY name and mark in connection with the sale, offering for sale, and advertising of goods and services in a manner that is likely to cause confusion or mistake, or to deceive customers as to affiliation, connection, or association with Sycamore or as to the origin, sponsorship, or approval of Stone's products and commercial activities by Sycamore.

40. Stone's use of KEEP IT JUICY has created a likelihood of confusion among consumers, who will falsely believe that Stone's goods or services are somehow related with those of Sycamore or that Sycamore approves of Defendant's products or commercial activities.

41. Upon information and belief, Stone's use of the KEEP IT JUICY mark has been with knowledge of Sycamore's prior rights to the mark and constitutes willful infringement.

42. As a direct and proximate result of this infringement, Sycamore has suffered and will continue to suffer monetary loss and irreparable injury to its business, reputation, and goodwill if injunctive relief does not issue.

**SECOND CLAIM FOR RELIEF**
**Unfair Competition – 15 U.S.C. § 1125(a)**

43. Sycamore incorporates the allegations in the preceding paragraphs as if set forth fully herein.

44. Defendant Stone's use of Sycamore's distinctive KEEP IT JUICY mark in connection with Stone's Hazy IPA constitutes a false designation of origin by representing that Defendant's goods and services are those of Plaintiff, when in fact they are not.

45. Defendant Stone's use of Sycamore's distinctive KEEP IT JUICY mark in connection with Stone's Hazy IPA constitutes false advertising as it misrepresents the nature, characteristics, qualities, and/or geographic origin of its goods and services.

46. Stone's use of the KEEP IT JUICY mark has created a likelihood of confusion among consumers, who will falsely believe that Stone's Hazy IPA is in some way associated or affiliated with Sycamore and/or its Juiciness IPA.

47. Stone's use in commerce of Sycamore's KEEP IT JUICY mark with the knowledge that Sycamore owns, has used, and continues to use the mark constitutes intentional conduct by Stone to make false designations of origin and to engage in false advertising.

48. Unless enjoined, Stone will continue to use the KEEP IT JUICY mark for its business and will continue to commit the unlawful acts complained of herein.

49. As a direct and proximate result of Stone's unfair competition, Sycamore has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### THIRD CLAIM FOR RELIEF
### Deceptive Trade Practices – G.S. § 75-1.1

50. Sycamore incorporates the allegations in the preceding paragraphs as if set forth fully herein.

51. In its business activities, Stone is using Sycamore's registered trademark to market and sell its Hazy IPA.

52. Stone's use of the mark is immoral, unethical, and unscrupulous.

53. Stone's use of the mark injures and deceives consumers.

54. As a direct and proximate result of Stone's infringement, Sycamore has suffered and will continue to suffer monetary damages and irreparable injury to its business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Sycamore respectfully requests that the Court grant the following relief:

A. A preliminary and permanent injunction prohibiting Defendant, its officers, agents, servants, employees, and/or all persons acting in concert or participation with them or any of them, from using the KEEP IT JUICY name and mark, or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases, or designs in commerce or in connection with any business activity or for any other purpose;

B. An award of treble, compensatory, consequential, statutory, and punitive damages to Sycamore in an amount to be determined at trial;

C. An award of interest, costs, and attorneys' fees incurred by Sycamore in prosecuting this action; and

D. All other relief to which Sycamore is entitled.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a jury trial on all the issues so triable.

Dated: April 6, 2022.

Respectfully Submitted,

/s/ W. Michael Boyer
W. Michael Boyer
CAROLINA CRAFT LEGAL
6502 Birkdale Drive
Greensboro, North Carolina 27410
Tel: (336) 944-2132
Email: michael@carolinacraftlegal.com

Marc J. Randazza (*pro hac vice* forthcoming)
Ronald D. Green (*pro hac vice* forthcoming)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
Email: ecf@randazza.com

Attorneys for Plaintiff
Sycamore Brewing, LLC